**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ROTO-ROOTER CORPORATION,          )<br>                                                               )<br>                    PLAINTIFF,                     )<br>                                                               )<br>v.                                                             )<br>                                                               )<br>(2) CHUCK KIRKLAND,                          )<br>       d/b/a TULSA ROOTER PLUMBING,  )<br>                                                               )<br>                    DEFENDANT               ) | Case No. 17-cv-536-TCK-FHM |

## COMPLAINT

Plaintiff, Roto-Rooter Corporation ("Roto-Rooter"), for its complaint against Defendant Chuck Kirkland, an individual, who, on information and belief, is doing business as Tulsa Rooter Plumbing ("Defendant") alleges the following:

### NATURE OF THE ACTION

1.   This is an action for trademark infringement and/or service mark infringement,[1] false designation of origin, unfair competition, and dilution under the laws of the United States (Lanham Act, 15 U.S.C. § 1051, *et. seq.*) and the State of Oklahoma (Oklahoma trademark infringement and Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51, *et.seq.*).

### THE PARTIES

2.   Plaintiff Roto-Rooter is a corporation organized under the laws of the State of Iowa, having its principle place of business at 300 Ashworth Road, West Des Moines, Iowa 50265.

3.   On information and belief, Defendant Chuck Kirkland is an individual doing business as Tulsa Rooter Plumbing, residing and/or having a principle place of business at 4926 E. 25th Place, Tulsa, Oklahoma 74114. On information and belief, Defendant owns and controls

---

[1] The use of the term "trademark infringement" herein is intended to encompass both trademark infringement and service mark infringement.

the website www.tulsarooterplumbing.com.

4. This action arises, in part, under the laws of the United States, specifically the Lanham Act, codified at 15 U.S.C. § 1051, et. seq, for violations of federal trademark and unfair competition law. This Court has subject matter jurisdiction over these federal law claims pursuant to 28 U.S.C. §§ 1331, 1338.

5. This action also arises, in part, under the laws of the State of Oklahoma, specifically Oklahoma trademark law, 78 Okla. Stat. § 31, and the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. § 53, for violations of state trademark and deceptive trade practice law. This Court has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367 as the state law claims alleged herein are so related to the federal law claims that they form a part of the same case or controversy.

6. This Court may exercise personal jurisdiction over the Defendant because, on information and belief, Defendant is an individual who resides in Oklahoma, and specifically in this Court's jurisdiction; Defendant operates a business that has its principle place of business in Oklahoma, and specifically in this Court's jurisdiction; the acts that constitute the violations of trademark and unfair competition law alleged in this Complaint occurred, and are occurring, in Oklahoma, and specifically this Court's jurisdiction.

7. Venue is proper in this judicial district under either 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district or 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim complained of herein occurred in this judicial district.

**FACTS RELEVANT TO PLAINTIFF'S CLAIMS**

8. Roto-Rooter realleges and incorporates herein each of the preceding paragraphs of

this Complaint.

9. Since 1935, Roto-Rooter Corporation has engaged directly and through licensees and franchisees in the business of providing commercial, industrial, and residential plumbing services and sewer, drain, and pipe cleaning services under the service mark ROTO-ROOTER. It has also developed an extensive nationwide network of franchisees and licensees who perform such services under the ROTO-ROOTER mark.

10. Roto-Rooter and its licensees and franchisees have expended significant sums of money over a long period of time in the advertising of goods and services under the ROTO-ROOTER name and mark, including in the state of Oklahoma. Roto-Rooter and its licensees and franchisees have engaged in extensive promotion and advertising of its plumbing, sewer and drain cleaning services.

11. Roto-Rooter and its licensees and franchisees have become well-known to the trade and to the general public, and have established extensive good will, public recognition, and secondary meaning for the ROTO-ROOTER name and mark as an exclusive identification of Roto-Rooter and its licensees and franchisees in the United States and the state of Oklahoma. Because of the activities of Roto-Rooter and its licensees and franchisees, the ROTO-ROOTER mark is distinctive and has become famous.

12. Roto-Rooter Corporation is the owner of the United States service mark registrations listed below:

> ROTO-ROOTER, U.S. Reg. No. 597,721, registered November 2, 1954, for municipal, industrial, and domestic sewer, drain, and pipe cleaning services;
>
> ROTO-ROOTER (with design), U.S. Reg. No. 745,984, registered February 26, 1963, for cleaning sewer oil, and water pipes, field, and drain tile conduits for electric cable;

> ROTO-ROOTER, U.S. Reg. No. 1,199,063, registered June 22, 1982, for municipal, industrial, and domestic sewer, drain, and pipe cleaning services;
>
> ROTO-ROOTER, U.S. Reg. No. 1,221,194, registered December 21, 1982, for commercial industrial and residential plumbing services; sewer, drain and pipe cleaning services;
>
> ROTO-ROOTER, U.S. Reg. No. 1,270,267, registered March 13, 1984, for commercial, industrial, and residential sewer, drain, and pipe cleaning services;
>
> ROTO-ROOTER PLUMBERS (with design), U.S. Reg. No. 2,711,057, registered April 29, 2003, for municipal, commercial, industrial, and residential plumbing services; and
>
> ROTO-ROOTER PLUMBING & DRAIN SERVICE (with design), U.S. Reg. No. 2,798,769, registered December 23, 2003, for municipal, commercial, industrial and residential plumbing services, sewer, drain, and pipe cleaning services.

Copies of the above-identified registrations are attached as Exhibits A, B, C, D, E, F, and G respectively. Each of these registrations is valid and subsisting, and each has become incontestable under 15 U.S.C. § 1065.

A complete list of Roto-Rooters numerous trademark and service mark holdings in the ROTO-ROOTER mark (and similar marks) can be found using the USPTO's trademark registrations records.

13.     Roto-Rooter Corporation is the owner of Oklahoma state trademark registrations listed below:

> ROTO-ROOTER, (the words "Roto-Rooter"), Oklahoma Reg. No. 12006830, registered on August 10, 1981, renewed May 27, 2016, for municipal, industrial, and domestic, sewer, drain, and pipe cleaning services;

4

>ROTO-ROOTER, (the words "Roto-Rooter" with a round sewer pipe with water coming through), Oklahoma Reg. No. 12006831, registered on August 10, 1981, renewed May 27, 2016, for municipal, industrial, and domestic, sewer, drain, and pipe cleaning services.

Copies of these registrations are attached as Exhibits H and I.

14. Roto-Rooter has authorized franchisees in and around the Tulsa, Oklahoma region.

15. Roto-Rooter also owns, through nationwide use in commerce, common law rights in the logo displayed on the sides of its service trucks. This common law service mark can be seen in Exhibit J.

16. The trademark registrations and common law trademark rights listed in the preceding paragraphs are hereinafter referred to as Roto-Rooter's trademark rights.

17. Defendant operates a plumbing service business located in Tulsa, Oklahoma, with service areas, according to Defendant's website, in Tulsa, Broken Arrow, Owasso, Jenks, Bixby, and other areas in Oklahoma.

18. On information and belief, Defendant provides the same types of services to the same customers, or customers within the same service area, as Roto-Rooter's authorized franchisees serving Tulsa, Oklahoma and the surrounding area.

19. Defendant's website displays the logo reproduced below:



20. Defendant uses service van(s) that also depict this logo on the sides of its vans as shown in Exhibit K.

5

21. On information and belief, Roto-Rooter's common law rights in the mark shown in Exhibit J pre-date Defendant's use of the logo depicted in paragraph 19 above and in Exhibit K.

22. Defendant was made expressly aware of several of Roto-Rooter's trademark rights on or about May 22, 2017, when Roto-Rooter sent to Defendant the letter attached hereto in Exhibit L.

23. Defendant was again made expressly aware of several of Roto-Rooter's trademark rights on or about June 14, 2017, when Roto-Rooter sent to Defendant the letter attached hereto in Exhibit M.

24. Defendant was again made expressly aware of several of Roto-Rooter's trademark rights on or about July 28, 2017, when Roto-Rooter sent to Defendant the letter attached hereto in Exhibit N.

25. On information and belief, Defendant was aware of Roto-Rooter's trademark rights before the letters referenced in paragraphs 22, 23, and 24.

26. To date, Defendant has made no formal response to any of the letters referenced in paragraphs 22, 23, and 24. Defendant has verbally represented to Roto-Rooter's franchisee in Tulsa that he would and/or did change the image on his service van, but, on information and belief, did and has not done so, to date.

27. Defendant's use of the logo depicted in paragraph 19 above and in Exhibit K is likely to cause confusion among consumers of the services provided by Roto-Rooter's authorized franchisees, operating under Roto-Rooter's trademark rights.

28. Defendant's use of the logo depicted in paragraph 19 above and in Exhibit K will dilute Roto-Rooter's famous trademark rights.

29. Defendant's use of the logo depicted in paragraph 19 above and in Exhibit K

constitutes trademark infringement and deceptive trade practices, under Oklahoma law.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

30. Roto-Rooter realleges and incorporates herein each of the preceding paragraphs of this Complaint.

31. This is a cause of action for federal trademark infringement under 15 U.S.C. § 1114.

32. Defendant has undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services without Roto-Rooter's authorization or consent.

33. Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services constitutes a colorable imitation of a registered mark owned by Roto-Rooter. Such use is likely to cause confusion, mistake, and/or deception for consumers, and is causing, and, unless enjoined, will continue to cause, serious injury to the reputation and good will of Roto-Rooter.

34. The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

35. On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

36. Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes trademark infringement under 15 U.S.C. § 1114.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

37. Roto-Rooter re-alleges and incorporates herein each of the preceding paragraphs.

38. This is a cause of action for federal false designation of origin under 15 U.S.C. § 1125.

39. Defendant has undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services without Roto-Rooter's authorization or consent.

40. Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services is a word, term, name, symbol, or device, or any combination thereof used in connection with goods or services that constitutes a false designation of origin for goods or services. Such use is likely to cause confusion, mistake, and/or deception for consumers as to the affiliation of Defendant with Roto-Rooter, and is causing, and, unless enjoined, will continue to cause, serious injury to the reputation and good will of Roto-Rooter.

41. The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

42. On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

43. Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes false designation of origin under 15 U.S.C. § 1125.

## COUNT THREE

## DILUTION UNDER THE LANHAM ACT

44. Roto-Rooter re-alleges and incorporates herein each of the preceding paragraphs.

45. This is a cause of action for federal trademark dilution under 15 U.S.C. § 1125.

46. The Roto-Rooter marks are distinctive and widely recognized nationally and in the state of Oklahoma by the general consuming public in connection with the provision for plumbing services and sewer and drain cleaning services.

47. Because of the continuous and extensive use by Roto-Rooter, its licensees and its franchisees, of the federally registered, and common law, Roto-Rooter marks in connections with the provision of plumbing services and sewer and drain cleaning services, the Roto-Rooter marks have become famous.

48. Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing services and sewer and drain cleaning services has caused, and, unless enjoined, is likely to cause dilution nationally and in the state of Oklahoma of the distinctive quality of Roto-Rooter's famous ROTO-ROOTER marks. Such dilution is causing, and, unless enjoined, will cause, injury to the reputation and good will of Roto-Rooter.

49. The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

50. On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

51. Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes trademark dilution under 15 U.S.C. § 1125.

## COUNT FOUR

## STATE TRADEMARK INFRINGEMENT

52. Roto-Rooter re-alleges and incorporates herein each of the preceding paragraphs.

53. This is a cause of action for state trademark infringement under the 78 Okla. Stat. § 31.

54. Defendant has undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services without Roto-Rooter's authorization or consent.

55. Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services constitutes a colorable imitation of a registered mark owned by Roto-Rooter. Such use is likely to cause confusion, mistake, and/or deception for consumers, and is causing, and, unless enjoined, will continue to cause, serious injury to the reputation and good will of Roto-Rooter.

56. The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

57. On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

58. Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes trademark infringement under 78 Okla. Stat. § 31.

## COUNT FIVE

### State Deceptive Trade Practices

59. Roto-Rooter realleges and incorporates herein each of the preceding paragraphs of

this Complaint.

60.     This is a cause of action for federal trademark infringement under 75 Okla. Stat. § 53.

61.     Defendant has undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services without Roto-Rooter's authorization or consent.

62.     On information and belief, Defendant has knowingly undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services as a false representation of an affiliation, connection, association with, or certification by Roto-Rooter.

63.     Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services constitutes a colorable imitation of a registered mark owned by Roto-Rooter. Such use is likely to cause confusion, mistake, and/or deception for consumers, and is causing, and, unless enjoined, will continue to cause, serious injury to the reputation and good will of Roto-Rooter.

64.     The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

65.     On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

66.      Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes trademark infringement under 78 Okla. Stat. § 53.

## COUNT SIX

## COMMON LAW TRADEMARK INFRINGEMENT

67. Roto-Rooter realleges and incorporates herein each of the preceding paragraphs of this Complaint.

68. This is a cause of action for trademark infringement under the common law.

69. Defendant has undertaken its use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services without Roto-Rooter's authorization or consent.

70. Defendant's use in commerce of the "Tulsa Rooter Plumbing" with design designation in connection with plumbing and sewer and drain cleaning services constitutes a colorable imitation of a common law mark owned by Roto-Rooter. Such use is likely to cause confusion, mistake, and/or deception for consumers, and is causing, and, unless enjoined, will continue to cause, serious injury to the reputation and good will of Roto-Rooter.

71. The aforementioned injury is, on information and belief, irreparable, for which Roto-Rooter is without an adequate remedy at law.

72. On information and belief, Defendant's conduct in violation of the trademark laws in this respect, is, and has been, willful.

73. Wherefore, Roto-Rooter requests that the Court enter judgment that Defendant's use of the "Tulsa Rooter Plumbing" with design designation constitutes trademark infringement under the common law.

## PRAYER FOR RELIEF

WHEREFORE, Roto-Rooter prays:

A. That the Court enter judgement that Defendant has infringed Roto-Rooter's

registered trademarks under federal and state law;

B.      That the Court enter judgment that Defendant has falsely designated the origin of its goods and/or services under federal law;

C.      That the Court enter judgment that Defendant has diluted Roto-Rooter's registered and common law trademarks under federal law;

D.      That the Court enter judgment that the Defendant has engaged in deceptive trade practices under state law;

E.      That the Court enter judgment that the Defendant has infringed Roto-Rooter's trademark rights under the common law;

F.      That the Court enter a preliminary or permanent injunction enjoining Defendant, and any affiliated parties, from further use of the "Tulsa Rooter Plumbing" with design designation in connection with the provision of plumbing and sewer and drain cleaning services, and from any other acts which will injury or be likely to injure the business reputation of Roto-Rooter, its licensees and franchisees;

G.      That the Court award Roto-Rooter all monetary compensation and remedies available under federal (15 U.S.C. § 1117) and state law (78 Okla. Stat. §§ 32, 54), including, but not limited to, an award of actual damages caused by Defendant's violations of federal and state trademark law, a disgorgement of profits for Defendant's violations of federal and state trademark law, such monetary remedies to include prejudgment interest, and an award of costs for this action.

H.      That the Court find that the circumstances of this case are grounds to award Roto-Rooter treble damages under 15 U.S.C. § 1117;

I.      That the Court find that the circumstances of this case are exceptional and warrant an award of reasonable attorney fees to Roto-Rooter under 15 U.S.C. § 1117;

J.      That the Court grant to Roto-Rooter such other and further relief as the nature of the case may require and as may be deemed just and equitable.

**JURY DEMAND**

Roto-Rooter hereby demands a jury trial of all issues raised that are triable by jury.

Dated:  September 22, 2017                Respectfully Submitted,

ROTO-ROOTER CORPORATION

/s/Robert J. Bartz
Robert J. Bartz, Esq., OBA #580
BARBER & BARTZ, PC
525 South Main Street, Suite 800
Tulsa, Oklahoma 74103
Phone: 918.599.7755
Fax: 918.599.7756
Email: rbartz@barberbartz.com

Attorneys for Plaintiff
Roto-Rooter Corporation

Of Counsel:

Paul J. Linden, Esq. (pro hac vice application forthcoming)
WOOD, HERRON & EVANS, LLP
441 Vine Street, 2700 Carew Tower
Cincinnati, OH 45202
Phone: 513.241.2324
Fax: 513.621.2324
Email: plinden@whe-law.com